Valerie Christine HYMON

v.

BLAW KNOX COMPANY.

Civ. A. No. 80–614.

United States District Court,
E. D. Pennsylvania.

April 13, 1981.

John Patrick, Philadelphia, Pa., for plaintiff.

Thoma R. Harrington, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Employed by American Color and Chemical Corporation, a dye manufacturer in Reading, Pennsylvania, plaintiff operated a drum dryer made by defendant. While cleaning this machine, plaintiff slipped on a wet floor and fell into one of the conveyors which carried dried dye from and through the unit to another phase of production. Plaintiff instituted this action, based on theories of simple negligence and strict liability, Restatement of Torts (Second) § 402A, to recover for injuries which she suffered in this accident. Defendant, now moving for summary judgment, argues that the employer's intervening negligence constituted a superseding cause of plaintiff's injuries.

The employer's predecessor in interest purchased the drum dryer from the defendant in 1964, thirteen years before the accident. Defendant equipped the machine with safety shields which covered the dryer conveyors. During normal operation employees kept the shields in place but during cleaning removed them. In 1968 the employer added safety gratings over the conveyors but eliminated them three years later because a dust shield added to the drum dryer at that time would not fit over them. Following plaintiff's accident the employer reinstalled safety gratings which did not interfere with the use of the dust shields. Plaintiff testified at depositions that she would not have gotten her arm caught in the conveyor if these shields had been in place when she fell and that her employer had instructed her to remove the shields and to keep the conveyors running during the cleaning process. Defendant contends that consideration of the factors articulated in *Meuller v. Jeffrey Manufacturing Co.*, 494 F.Supp. 275 (E.D.Pa.1980), indisputably leads to the conclusion that the company's intervening failure to prevent harm to plaintiff superseded defendant's conduct as the proximate cause of plaintiff's injuries.

In *Meuller* the court held that

[a] third person's failure to prevent harm may become a superseding cause "where, because of lapse of time or otherwise, the duty to prevent harm to another threatened by the actor's conduct is found to have shifted from the actor to a third person."

*Id.* at 277, quoting Restatement (Second) of Torts § 452(2).   To determine whether a particular set of circumstances warrants this shift in duty requires reference to the

> degree of danger and magnitude of the risk of harm, the character and position of the third person who is to take the responsibility, his knowledge of the danger and the likelihood that he will or will not exercise proper care, his relation to the plaintiff or to the defendant [and] the lapse of time ...
>
> Particularly where a substantial amount of time intervenes, the overtness of the danger, the nature of the product sold, the identity of the consumer, the relative abilities of the manufacturer and the employer to remedy the alleged defect and the nature and availability of the remedy should be considered as well as any other consideration which comports with the universally accepted policy of assigning and imposing ultimate liability for negligence upon the person primarily responsible therefor.

*Id.* at 277.

In the case at bar defendant admitted that cleaning the machine required use of water, operation of the conveyor belts and removal of the safety shields.   Defendant knew at the time of sale that any person who cleaned the machine would not be protected by any safety device, even though the conveyor belts would be running and the floor would be wet, and nonetheless failed to recommend a safe cleaning procedure.   Clearly, the manufacturer had the ability and opportunity to remedy this omission but failed to do so.   The fact that the employer experimented with the use of safety gratings as an additional precaution will not relieve the manufacturer from the duty to make a safe machine, particularly since plaintiff alleged that the absence of the safety shields, not gratings, caused her injuries.   In *Meuller*, the plaintiff's injuries resulted not from defective design but rather improper installation, the responsibility for which the employer voluntarily assumed.   Therefore, defendant's motion for summary judgment will be denied.