Rosalie **GUTZAN**

v.

**ALTAIR AIRLINES, INC. and Romac & Associates**

v.

**Joseph W. FARMER, the United States of America, Romac & Associates.**

**Appeal of Rosalie GUTZAN.**

No. 84–1443.

United States Court of Appeals, Third Circuit.

Argued April 30, 1985.

Decided July 2, 1985.

Affirmed in part and reversed and remanded in part.

James B. Crummett (Argued), James B. Crummett & Associates, P.C., Philadelphia, Pa., for appellant.

Marcy B. Tanker (Argued), Liebert, Short, FitzPatrick & Lavin, Philadelphia, Pa., for Romac & Associates.

Before SEITZ, WEIS and ROSENN, Circuit Judges.

## OPINION OF THE COURT

ROSENN, Circuit Judge.

The plaintiff, an employee of Altair Airlines (Altair) who had been raped by a fellow employee, Joseph W. Farmer, sued Altair for damages. She also named as a defendant the employment agency, Romac & Associates (Romac), which had referred Farmer to Altair. Before the trial, plaintiff reached a settlement with Altair, and the case was tried to a jury in the United States District Court for the Eastern District of Pennsylvania against the employment agency alone.[1]

---

1. Jurisdiction of the district court is based on diversity of citizenship. 28 U.S.C. § 1332. It is

At trial, plaintiff requested jury instructions on negligent performance of services, negligent misrepresentation, reliance, and intervening negligent acts. The court refused to give the instructions as requested. The jury, which was not informed of the settlement between plaintiff and Altair, returned a verdict for plaintiff, and apportioned liability at ninety percent to Altair and ten percent to Romac. The district court granted Romac's motion for judgment notwithstanding the verdict on the ground that Romac had no duty to plaintiff at the time of her injury, and denied plaintiff's motion for a new trial. We reverse the entry of judgment notwithstanding the verdict.

## I.

In September 1980, Joseph Farmer sought the services of Romac & Associates, a corporation engaged in the business of personnel consultation, and asked to speak with a counselor regarding a job as data programmer. He produced letters of reference from Wang Laboratories, Inc., and the United States Disciplinary Barracks in Ft. Leavenworth, Kansas.

Farmer told Romac counselor Ron Kovatis, who interviewed him, that he had been incarcerated in Fort Leavenworth because, while he was stationed in Germany, his German girlfriend had charged him with rape, and that it was a policy of military courts to appease foreign women who made such charges. The following month, Romac representative Robert Witkoski, told Robert Healy, Altair's data processing manager, that Romac had a candidate for a data processing position that Altair was trying to fill. Witkoski repeated to Healy the explanation Farmer gave of his criminal conviction, and sent Healy copies of Farmer's resume and letters of reference. Healy interviewed Farmer for the position of data processor in November 1980, and at the interview Farmer repeated to Healy the story of his criminal conviction that he had given Romac.

Prior to Farmer's interview at Altair, Kovatis telephoned Wang Laboratories and Fort Leavenworth to verify the authenticity of Farmer's references. No one at Romac inquired into the incident which led to Farmer's rape conviction, but Healy testified that Witkoski represented to him that Farmer's explanation had been verified by military officials.

After two more interviews, Altair hired Farmer in January 1981. Altair management decided that Farmer's prior conviction should not be divulged to Altair employees and to make no notations concerning the conviction on Farmer's personnel record.

During the course of Farmer's employment at Altair, two female employees complained to Healy about disturbing incidents involving Farmer. One incident involved Farmer lingering near a female executive after his work was done, until he was offered a ride home by an Altair vice-president. The second, more serious incident, involved a secretary, Nancy Rose Bohl, who testified that one morning in the summer of 1981, Farmer asked her to stop at his apartment to pick up some papers which he said her supervisor had requested. Farmer, who apparently had taken the day off because he claimed that he was not feeling well, had no papers ready when Ms. Bohl arrived. She testified that he was wearing a bathrobe when she entered his apartment and felt that he was staring at her. He kept her waiting a long time, and found some papers to give her only when she became frightened and told him her supervisor knew where she was and was waiting for her. When she returned to work, Bohl discovered that her boss had not expected to receive any papers from Farmer. She reported the incident to Healy, to Patrick Rodgers, an Altair vice-president, and to Bernard Alter, director of personnel, and was told by Rodgers to "keep quiet" about it.

undisputed that Pennsylvania substantive law applies. *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

In December 1981, Farmer raped plaintiff. Altair and Romac later discovered that Farmer's story regarding his prior conviction had been a fabrication, and that while in the Army he had been convicted of assaulting and raping a co-worker. Plaintiff filed suit for damages against Altair in January 1983, and in April 1983, Altair filed third-party complaints against Farmer, Romac, and the United States. Gutzan then amended her complaint to add Romac as a defendant. Plaintiff settled her claim against Altair before trial, but her suit against Romac proceeded to trial. The jury returned a verdict in her favor.[2]

Romac filed a motion for judgment notwithstanding the verdict, which the district court granted. Gutzan then moved for a new trial and to set aside the judgment. The district court denied both motions, and plaintiff appealed.

## II.

■ Plaintiff argues on appeal that she should be awarded a new trial because the district court erred in refusing to instruct the jury on negligent misrepresentation and negligent performance of an undertaking as set forth in sections 324A and 311 of the Restatement (Second) of Torts,[3] Altair's reliance on information supplied by Romac, and on superseding cause. The failure of the trial court to instruct the jury as requested does not constitute error so long

as the instruction, taken as a whole, properly apprises the jury of the issues and applicable law. *Service Merchandise Co. v. Boyd Corp.*, 722 F.2d 945, 950 (1st Cir. 1983); *Ayoub v. Spencer*, 550 F.2d 164, 167 (3d Cir.), *cert. denied*, 432 U.S. 907, 97 S.Ct. 2952, 53 L.Ed.2d 1079 (1977).

■ Apparently, the trial judge concluded that the requested instructions were unnecessary. Although more specific and amplified instructions might have been desirable, we cannot say that the ones given were erroneous or improper. The trial judge pointed out to the jury the plaintiff's contention that Romac acted negligently "in failing to adequately investigate" Farmer's background, in failing to warn of his conviction for rape and his "propensity for such behavior."

The court charged that negligence constituted, *inter alia*, "the failure to use ordinary care under the circumstances in the management of one's person or property toward a person ... to whom you owe the duty of using ordinary care. Conduct which falls below that established as necessary for the protection of others ... from unreasonable risk of harm is negligent conduct."

Continuing in his instructions, the judge observed:

Everyone has a duty toward persons in certain relationship with them to protect

---

2. The jury verdict against Romac would seem to indicate that the jurors credited Healy's statement that he had been misled by Romac.

3. These sections of the Restatement provide:
§ 311. Negligent Misrepresentation Involving Risk of Physical Harm
(1) One who negligently gives false information to another is subject to liability for physical harm caused by action taken by the other in reasonable reliance upon such information, where such harm results
(a) to the other, or
(b) *to such third persons as the actor should expect to be put in peril by the action taken.*
(2) Such negligence may consist of failure to exercise reasonable care
(a) in ascertaining the accuracy of the information, or
(b) in the manner in which it is communicated.

Restatement (Second) of Torts § 311 (1965) (emphasis added).
§ 324A. Liability to Third Person for Negligent Performance of Undertaking
One who undertakes ... to render services to another which he should recognize as necessary for the protection of a third person or his things, *is subject to liability to the third person* for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if
(a) his failure to exercise reasonable care increases the risk of such harm, or
(b) he has undertaken to perform a duty owed by the other to the third person, or
(c) the harm is suffered because of reliance of the other or the third person upon the undertaking.
*Id.* § 324A (emphasis added).

those persons and their property from the unreasonable risk of harm. This is the duty not to act negligently, or to be negligent toward them. Both the act or omission, and the relationship to the person or property injured thereby, are important. . . .

When the instant plaintiff claims that defendant was negligent . . . she is saying, in legal terms, that defendant owed her the duty of ordinary care because of their relationship and that defendant breached that duty by acting or omitting to act in such a way that he failed to protect plaintiff from unreasonable risk of harm.

Still another way of measuring negligent behavior is to call negligent an act or omission that would be avoided by a reasonable man, properly considerate of the safety of others, under all the circumstances of this case.

After colloquy with counsel, the court also supplemented its charge with an instruction on the duty not to transmit false information.

Although the instructions are not a model of clarity and particularity, they do inform the jury of the duty one owes, by virtue of his relationship to a person, to protect that person from unreasonable risk of harm, and in this respect not to act negligently. The instructions explain the concepts of duty, negligence, negligent omission, proximate cause, and preponderance of the evidence. There is nothing in the charge that would lead the jury to conclude that one who negligently gives false information to a party may not be liable for physical harm to a third party caused by action taken by the recipient of the information in reasonable reliance on it. "As long as the instructions 'show no tendency to confuse or mislead the jury,' an appellate court will presume that the jury's verdict was reached in accordance with the law." *Brown v. Ivarans Rederi A/S*, 545 F.2d 854, 861 (3d Cir.1976), *cert. denied,*

430 U.S. 969, 97 S.Ct. 1652, 52 L.Ed.2d 361 (1977); *Hunziker v. Scheidemantle,* 543 F.2d 489, 498 (3d Cir.1976).

The failure to include the specific language of Restatement (Second) of Torts § 311 (Negligent Misrepresentation Involving Risk of Physical Harm) and § 324A (Liability to Third Person for Negligent Performance of Undertaking) does not constitute reversible error. The verdict of the jury demonstrates that it understood the duty owed by Romac, the personnel agency, to a third person (co-employee) for a negligent performance of its undertaking to the employer. The jury found both the employer and the personnel agency negligent. In so doing, it made, as the plaintiff concedes, "a factual determination that Romac had assumed a duty and intentionally or negligently misled Altair." Brief for appellant at 16.

■ For the same reason, the district court's failure to charge the jury on whether the negligent intervening acts of the employer, Altair,—its failure to act upon the two complaints of Farmer's co-workers—could be considered a superseding cause was harmless error at best. The jury found by its verdict that plaintiff's injury was caused by the negligence of both defendants, and that Romac's negligence was not superseded by that of Altair.[4]

Although the jury found for the plaintiff, she complains that the trial court's cursory charge on the issues of causation, foreseeability, and negligence had a direct bearing on the apportionment of liability between Romac and Altair. The plaintiff, however, provides no specifics on how the jury's apportionment of liability between the parties was improperly or erroneously affected by the instructions. Her dissatisfaction with the apportioning of greater fault to Altair—a result adequately supported by the record—may be disappointing but can-

4. In light of the jury's factual determination, we also see no merit to plaintiff's complaint that the court gave no instruction on reliance. The jury's verdict makes it clear that it understood plaintiff's position that her injury was caused by Altair's reasonable reliance on Romac's misrepresentations.

not be the basis for a new trial. The court instructed the jury that if it found for the plaintiff, it must decide in what percentage to hold each defendant responsible. The matter of apportioning liability is directly related to the degree of fault of the parties, and, in this case, the jury found that Altair bore ninety percent of the responsibility and Romac ten percent. On this record, this finding strikes us as neither unreasonable nor the product of error by the trial court.

■ The decision not to grant a new trial rests in the sound discretion of the district court. *Thomas v. E.J. Korvette, Inc.*, 476 F.2d 471, 474 (3d Cir.1973). We perceive no merit to plaintiff's contentions that the district court erred in failing to grant her motion for a new trial.

### III.

The plaintiff also argues on appeal that the district court committed reversible error in granting Romac's post-trial motion for judgment notwithstanding the verdict. We agree. In granting the motion, the court concluded that Romac owed no duty to the plaintiff. The court reasoned:

> Farmer was employed by Altair for approximately one year before he raped the plaintiff. During that one year period, two female employees of Altair complained to supervisors at Altair that there were incidents involving Farmer wherein they felt threatened by Farmer's actions and behavior. Altair took no specified action to supervise Farmer, and kept his criminal record silent. At that time, any duty which Romac may have had certainly shifted to Altair.

Thus, the court upset the jury's verdict on the basis of a legal determination that Ro-

mac owed no duty to plaintiff at the time of her injury.[5]

Restatement Sections 311 and 324A provide that a defendant (such as Romac) that negligently performs a service or makes a misrepresentation involving a risk of physical harm to a third person, may be held liable for the injury to the third person caused by defendant's negligence. Restatement (Second) of Torts, §§ 311, 324A (1965).[6]

The legal principles applicable to whether the duty to prevent harm to another threatened by the actor's negligence has shifted to a third party are also set forth in the Restatement.

Restatement (Second) of Torts § 452(2) provides:

> (2) Where, because of lapse of time or otherwise, the duty to prevent harm to another threatened by the actor's negligent conduct is found to have shifted from the actor to a third person, the failure of the third person to prevent such harm is a superseding cause.

In determining whether the duty to prevent harm has shifted to a third person, we believe the Pennsylvania Supreme Court would consider the following factors set forth in comment f to Restatement § 452(2):

> [T]he degree of danger and the magnitude of the risk of harm, the character and position of the third person who is to take the responsibility, his knowledge of the danger and the likelihood that he will or will not exercise proper care, his relation to the plaintiff or to the defendant, the lapse of time, and perhaps other considerations.

---

**5.** Plaintiff argues that the district court's decision is based on a finding that Witkoski was a more credible witness than Healy. The district court opinion does not state such a conclusion, which would constitute an impermissible factual determination on the part of the court. *See Fireman's Fund Insurance Co. v. Videfreeze Corp.*, 540 F.2d 1171, 1178 (3d Cir.1976) (credibility of the evidence is not an issue for the court).

**6.** To the extent that the district court's holding that Romac had no duty to plaintiff was based on a finding that her injury was not caused by Romac's negligence, the court usurped the fact-finding function of the jury. *See Hamil v. Bashline*, 481 Pa. 256, 266, 392 A.2d 1280, 1285 (1978); W. Prosser, The Law of Torts, 489 (4th ed. 1971) (the question of causation is generally one for the jury, unless it is clear that reasonable minds could not differ on the issue).

*Id.* § 452(2), comment f. The comment to the Restatement adds that the duty should be considered to have shifted when "by reason of the interplay of such factors, the court finds that full responsibility and control of the situation and prevention of the threatened harm has passed to the third person." *Id. Accord, Neal v. Carey Canadian Mines, Ltd.*, 548 F.Supp. 357, 371 (E.D.Pa.1982); *Hymon v. Blaw Knox Co.*, 511 F.Supp. 646, 647 (E.D.Pa.1981); *Meuller v. Jeffrey Manufacturing Co.*, 494 F.Supp. 275, 277 (E.D.Pa.1980).

Prosser adds that:

It may be said that when the defendant is under a duty to act reasonably for the protection of plaintiff, and may anticipate that a third party may fail to use proper care if the responsibility is transferred to him, and that serious harm will follow if he does not, it is not reasonable care to place reliance on him.

W. Prosser, The Law of Torts 177 (1971).

 Applying the Restatement factors to the instant case, we conclude that the district court erred in holding as a matter of law that the duty to protect Altair's employees had shifted entirely from Romac to Altair. The district court relied primarily on evidence that Farmer had worked at Altair for almost a year before he assaulted plaintiff. Under the circumstances of the instant case, however, the lapse of one year alone would not be sufficient for a finding that a duty shifted to Altair. Altair's decisions to hire Farmer, to afford him no special supervision, and to shield the fact of his prior conviction from his co-workers were based on the unwarranted assumption that he posed no danger to his fellow workers.[7] This assumption apparently was founded on reassurances made by Romac to Altair and the passage of one year alone would not suffice to immunize the assumption from challenge.

The trial court noted, however, that the two complaints by Farmer's co-workers should have caused Altair to realize that Farmer was indeed a danger to his fellow workers, and to reject Romac's earlier reassurances. This observation reflects the court's opinion that Altair was negligent. It is not relevant, however, to the separate question of whether, under the circumstances, Romac's duty toward Altair's employees had entirely run its course. The factors for determining whether a duty has shifted from an actor to a third person center on the character and position of the third person who is said to have taken the responsibility, the third person's relationship to the parties, his knowledge of the danger, and the magnitude of the risk, not only on specific events which occur during the period that the plaintiff is exposed to the risk.

Applying the other factors set forth in comment f of the Restatement, we conclude that the responsibility for plaintiff's safety had not fully shifted as a matter of law from Romac to Altair at the time of plaintiff's rape. The degree of danger and the magnitude of risk of harm were great: Farmer had been convicted of assault and rape of a female co-worker only two years before he approached Romac. Romac referred him to a position in which he would be working with female co-workers. More important, Romac had reason to believe that Altair had no knowledge of the danger and risk of harm lurking in Farmer's association and employment with female employees because of *Romac's assurance*, as the jury apparently found, that Farmer was "not really a rapist." Therefore, the jury reasonably could have found that Romac, instead of alerting Altair to be on guard, encouraged Altair to lower its guard and not exercise adequate care in protecting its female employees from Farmer.

Under these circumstances, we must conclude that Romac had not as a matter of law shed itself of all responsibility for plaintiff's freedom from harm from Farmer at the time she was raped. The court therefore erred in granting Romac's motion for judgment notwithstanding the verdict.

---

7. Healy testified at trial that he kept Farmer's conviction a secret from Altair's employees because he "didn't want to spread undue panic among the troops."

142

### III.

We conclude that the district court did not abuse its discretion and did not commit reversible error in its instructions to the jury. We hold, however, that the court erred in entering judgment for the defendant, Romac & Associates, notwithstanding the verdict. Accordingly, the judgment entered in favor of Romac & Associates will be reversed and the case remanded to the district court with direction to reinstate the verdict.